UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEAH THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 08 38 ML<br>Case No.: ________ |

# NOTICE OF REMOVAL

Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard") , by their undersigned counsel, hereby remove the above-captioned matter from the Superior Court of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Bard and Davol respectfully state:

1. Plaintiff filed this action in the Superior Court of Rhode Island, Providence County, on or about January 18, 2008. Neither Bard nor Davol have been served with a copy of the Complaint or any state process.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard and Davol have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## I. Bard and Davol Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants have not been served with a copy of the Complaint. *See* Ex. A (copy of all process, pleadings, and orders served upon Davol, including

the summons and complaint). Removal is thus timely since it is prior to 30 days from the date of service.

4. Venue is Proper. The Superior Court of Rhode Island, Providence County, is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Ex. B and is being filed in the Superior Court of Rhode Island, Providence County and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete Diversity Exists Between Plaintiff and Defendants.

9. The Complaint states that Plaintiff is a citizen and resident of the State of Washington. *See* Compl. ¶ 1.1.

10. Davol is, and has been at all relevant times, a corporation incorporated under the laws of Delaware with its principal place of business in Rhode Island. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Davol is not a citizen of the State of Washington.

11. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Bard is not a citizen of the State of Washington.

**B. The Amount in Controversy Requirement is Satisfied.**

12. The Complaint states that Plaintiff seeks an unspecified amount in damages exceeding $10,000. However, the amount in controversy exceeds the jurisdictional requisite in 28 U.S. C. § 1332.

13. Plaintiff's Complaint alleges that Plaintiff "has suffered and will continue to suffer physical pain and mental suffering." (Compl. ¶ 3.16). Plaintiff further alleges that she "will continue to incur substantial medical treatment and expenses; decreased enjoyment and quality of life; scarring and disfigurements; lost wages as a loss of earning capacity; and [that she]...is permanently injured." (*id.* ¶ 3.16).

14. Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see also Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 224 n.6 (D.R.I. 2005) (noting that jurisdictional amount-in-controversy requirement is met where from "the nature of the claims in the underlying suit, it is apparent that the amount-in-controversy could well exceed $75,000").

WHEREFORE, Bard and Davol respectfully removes this action from the Superior Court of Rhode Island, Providence County to this Court pursuant to 28 U.S.C. § 1441.

Date: January 25, 2008

Respectfully submitted,

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morison Mahoney, LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel.: (401) 331-4660
Fax: (401) 351-4420

Kirby T. Griffis, *pro hac vice*
Dana Alan Gausepohl, *pro hac vice*
Michael L. Junk, *pro hac vice*
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, a true and correct copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David Morowitz, Esq.
The Law office of David Morowitz, Ltd.
155 South Main Street
Providence, RI 02903

*via first-class, postage prepaid, mail*